Brandon J. Harrison, dissenting in part and concurring in part. The primary dispute in this case at this point is whether the power of attorney is reasonably open to two different readings. It is. Let’s look at the document itself. JLl [[Image here]] No one disputes that the parties failed to complete the power-of-attorney form as directed. The majority acknowledges “inconsistencies” and still concludes that the document is unambiguous where section (H) is concerned. I can’t determine, based on this document alone, what the parties intended to communicate on a crucial legal matter more than 10 years ago. Because it is unclear which powers Ms. Kennel intended to grant based on the four corners of the document, I would direct the circuit court to receive evidence |son what the parties themselves understood that they were doing when the paper was filled out in 2005. In fact, Courtyard presented evidence on point through the affidavit of an employee who allegedly helped Ms. Kennel complete the document; but the circuit court did not consider it. On remand, the record should be reopened so both sides could fully present to the circuit court whatever evidence might available so that it could then decide whether a triable issue exists on what powers principal Ms. Kennel placed with her son, the purported agent. Unfortunately, there will be no remand, and here’s why that is a mistake. One of the document’s possible meanings is the majority’s position: Ms. Kennel did not place her initials “JK” next to line (H), and the form required initials, so no power to arbitrate was given. This is a reasonable position. But another reasonable view is that Ms. Kennel wanted to empower her agent to handle litigation matters. Two questions anchor my point. Why is there something rather than nothing in the_(H) space? And given that there is something rather than nothing there, what does the mark mean? The “something” is a squiggly line. It appears next to categories (E) through (H) and emanates from the initials above it. Let’s not get too attached to the mark that is there. The most important points are the majority’s approach and the document’s instructions. For example, what if a • or a / an “X” or a <CYES” had been placed beside category (H)? These marks might have indicated Ms. Kennel’s intent to grant an agent certain authority to varying degrees, but they would not have satisfied the document’s specific instructions. But we have a squiggly line, and I don’t know with sufficient certainty what it means. Perhaps the scrivener (who was not Ms. Kennel) intended it as a shorthand for continuing the initials “JK” to additional categories. Or not. Here it’s important to also point out that |flthe instructions directed Ms. Kennel to “Cross out each power withheld.” What does “cross out” mean? Is the squiggly line a crossing out of the categories where we find it, meaning the mark was used to withhold those powers? Maybe. Maybe not. If only initialing a category will confer the related power, then why is there a need to cross out a category to withhold a power? And why would Ms. Kennel have presumably given so many sweeping powers to an agent throughout the document but withhold it from the categories where we find the confusing mark? There is no obvious difference in degrees of importance between the categories where the squiggly line does and doesn’t appear. Moving down the document, we encounter a third distinct mark, presumably Ms. Kennel’s signature, and it spans the final seven categories. The written instructions required that she initial the corresponding blank spaces, yet Ms. Kennel’s signature appears vertically across a number of them and again at the bottom of the paper. What if the issue was whether the signature reliably communicated Ms. Kennel’s desire to confer the powers touched by her signature? Signatures aren’t initials, though I grant that would be an easier call than interpreting a mark like the squiggly line. The bottom line is that the majority’s decision prevents a preprinted power-of-attorney .form that was not completed according to its own instructions from being explained by those who actually put pen to the important legal paper. Because I can join neither the approach nor the result reached under Part II of the opinion, I respectfully dissent. I do, however, join Part III of the opinion.